RECEIVED
JAN 14 2022
BY MAIL

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# _____ DIVISION

#12419 Koonce, Joshua James )
)
*(Write the full name of the plaintiff in this action.* )
*Include prisoner registration number.)* )
)
v. )
)
Satterfield, Joe C. )
Oliver, Russell David )
Hefner, Carl )
Cross, Chris )
)
*(Write the full name of each defendant. The caption* )
*must include the names of **all** of the parties.* )
*Fed. R. Civ. P. 10(a). Merely listing one party and* )
*writing "et al." is insufficient. Attach additional* )
*sheets if necessary.)* )

Case No: _____
*(to be assigned by Clerk of District Court)*

Plaintiff Requests Trial by Jury
☒ Yes   ☐ No

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

### NOTICE:

*Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.*

*Except as noted in this form, plaintiff should not send exhibits, affidavits, witness statements, or any other materials to the Clerk's Office with this complaint.*

*In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed without prepayment of fees and costs.*

## I. The Parties to this Complaint

### A. The Plaintiff

Name: Joshua James Koonce

Other names you have used: John James Smith

Prisoner Registration Number: #12419

Current Institution: Stoddard County Jail

Indicate your prisoner status:

[X] Pretrial detainee            [ ] Convicted and sentenced state prisoner

[ ] Civilly committed detainee   [ ] Convicted and sentenced federal prisoner

[ ] Immigration detainee         [ ] Other (explain): _____

### B. The Defendant(s)

To the best of your knowledge, give the information below for each defendant named in the caption of this complaint. Make sure the defendant(s) named below are the same as those listed in the caption of this complaint. Attach additional pages if necessary.

For an individual defendant, include the person's job title, and check whether you are suing the individual in his or her individual capacity, official capacity, or both.

**Defendant 1**

Name: Joseph Z. Satterfield

Job or Title: Judge

Badge/Shield Number: N/A

Employer: Stoddard County

Address: Unknown

_X_ Individual Capacity              _X_ Official Capacity

2

**Defendant 2**

Name: Russell David Oliver

Job or Title: Prosecuting Attorney

Badge/Shield Number: N/A

Employer: Stoddard County

Address: Unknown

[X] Individual Capacity   [X] Official Capacity

(More on attached sheet)

## II. Statement of Claim

Type, or neatly print, a short and plain statement of the **FACTS** that support your claim(s). For every defendant you have named in this complaint, you must state what he or she personally did to harm you. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Do not make legal arguments, or cite court cases or statutes. You may attach additional pages if necessary.

Your statement of claim must include all of the following information:

1. What happened to you?
2. When did it happen?
3. Where did it happen?
4. What injuries did you suffer?
5. What did each defendant personally do, or fail to do, to harm you?

On a seperate, attached sheet of paper.

3

Defendant 3
name: Carl Hefner
Job or title: Sheriff
Badge/Shield number: Unknown
Employer: Stoddard County
Address: Unknown
_X_ individual capacity _X_ official capacity

Defendant 4
Chris Cross
Jail administrator
unknown
Stoddard County
unknown
_X_ individual capacity _X_ official capacity

Statement of Claim (Continued)

1.) **What Happened to you?:** Explained on attached form, called, "Conditions of Confinement".

2.) **When did it happen?:** Various times, explained in the above-form, but, generally, between July 2018 - December 2021.

3.) **Where did it happen?:** Stoddard County Jail.

4.) **What Injuries did you suffer?:** Loss of Liberty; Loss time; mental anguish; pain and suffering; worsening of mental condition; shame; embarassment; loss of respect; loss of peace of mind; legal issues; physical discomfort; violation of Due Process of Law, Fair Trial, right to affordable bond, effective Counsel, Confrontation, etc.

5.) **What did each defendant personally do, or fail to do, to harm you?:**

Further explained, but, generally, hold me in violation of Due Process Of Law, by violating 22.07, and, 25.03/05, and, 33.01, of the MO Court Rules, and, by Proxy, the MO Constitution, violating bond laws, and, denying psych treatment, and, at times, access to courts/evidence.

## Statement of Claim (Continued.)

II. Conditions of Confinement - I was held, on a $500,000 cash-only bond, issued, along with my warrant, on July 11, 2018. For the first 7 days, here, in Stoddard County, I was housed in the "padded-cell", in isolation, with only a hole in the floor, known as a "Chinese Toilet"; on "Sandwich restriction", which is one sandwich for Breakfast, one for Lunch, two for Supper. I, immediately, asked for a psych eval, and, an attorney. At the end of this 7-day period, for two months, I was held in an overcrowded "day-room", with up to 13 other people, despite only 6 beds; me, sleeping on just a mattress on the floor. I have Paranoid Schizophrenia, Bipolar Disorder, Generalized Anxiety Disorder, Chronic Depression, Insomnia, and, Social Anxiety. Overcrowding makes it worse.

For 56 days, I was held, without a court appearance, or, an attorney, thus, with no access to the courts, which I maintain is unlawful. I was denied a psych, for 38 months, which is also unlawful; is cruel and unusual punishment; exacerbated my conditions, not only making them worse, but, causing the development of further issues, such as Post-Traumatic Stress Disorder, and, more, to be determined, once I really see a psych, and, not just a psychiatric nurse practitioner.

I have, despite multiple requests, never been given a bond-reduction hearing, making for an excessive bond, violating my right to Due Process of Law, thereby, denying a Fair Trial, prior to the fact, causing me to take a plea, 'lest I be beat at trial,' and

as I was told by my lawyer, sentenced to 2 consecutive life sentences. This makes the plea involuntary, as my desires were to file a remedial writ to challenge my bond, and, continued detention, admit violations of procedure, and, to have a bond hearing, untested evidence tested, a speedy trial and, my case dismissed. I expressed this, multiple times, to both my attorney, and, the courts. I was told not write the courts, and, despite telling my attorney, repeatedly, to do so, he would not. This constitutes Ineffective Assistance of Counsel, and, makes my plea invalid.

DNA evidence was withheld, until May 6, 2019 (2021). I requested this, multiple times. This prejudiced me, by not allowing me to test a hair, which would have determined whether another suspect, was at the scene, at the time, which could have exonerated me, or, mitigated guilt. This is Brady Suppression, as this was not available, to me, at prelim.

In March 2021, I inquired about it, and, was told it was "still in Dexter", meaning, neither my Public Defender, nor, paid attorney, could have possessed it, prior to this point. Despite my attorney claiming that my Public Defender did, so as to excuse a violation of Discovery Rules.

This uncertainty, caused by not giving me the DNA results, not only prejudiced me in my case, but, made my psych conditions, worse, and, more prevalent. This was done to "break me", and, it worked. Now, I can't be fixed, therefore, I desire compensation, and, this requires, Punishment.

I never interviewed the lab tech, as is required by RSMO 544.376. Preliminary, and the case, moved forward, without my ability to do so, and, was resolved, when my attorney, not ready for trial, convinced me to take a plea, saying they would use the improperly entered DNA evidence, and, I would be found guilty, and, get 2 consecutive life sentences. The plea was involuntary, and, invalid, due to due process violations, and, bond law - noncompliance.

The law gives no recall, to move past prelim, in the event DNA is not yet back, or, back but not yet discovered. This case moved past prelim, and, in doing so, I was denied meds for 38 months, and, an individualized assessment, of the conditions of my release. This violates Due Process, and, the 8th Amendment, and makes my detention, unlawful, as these are laws regarding detainees.

1.) Chris Cross, then Jail Administrator, charged me for possession of a pillow, made of a mattress, by another inmate, whom was identified, charged $150, and, both of us, lost phone calls (including lawyer calls), visits (including lawyer visits), and canteen (including stationary), for a month, and, collectively, were charged $200, for a $110 mattress. This constitutes unconstitutional punishment.

2.) While incarcerated. Should be on record.

3.) Stoddard County Jail

4.) Due Process and Cruel/unusual Punishment, loss of access to courts/ attorneys, financial losses, embarrassment, intimidation.

5.) Made me pay, and took my access to courts. Chris Cross did this.

### III. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

loss of freedoms, rights; worsening of psych issues; PTSD; shame; embarrassment; depression; mental anguish; loss of time; self-esteem; social standing.

given, in September 2021, a Buspar (anxiety), Respiridol (Bipolar), Trazodone (sleep). Too little, too late.

## IV. Relief

State briefly and precisely what you want the Court to do for you. Do not make legal arguments. Do not cite any cases or statutes. If you are requesting money damages, include the amounts of any actual damages and/or punitive damages you are claiming. Explain why you believe you are entitled to recover those damages.

on attached sheet.

## V. Exhaustion of Administrative Remedies/Administrative Procedures

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

    A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

        [X] Yes      [ ] No

If yes, name the jail, prison or other correctional facility where you were confined at the time of the events giving rise to your claim(s):

Stoddard County Jail

    B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        [X] Yes      [ ] No      [ ] Do not know

    C.    If yes, does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claims?

        [X] Yes      [ ] No      [ ] Do not know

5

## IV Relief:

For denial of my Bond Reduction, holding me on an Excessive Bond, I seek my bond, paid in cash, $500,000, from whomever is responsible, be it Judge, Prosecutor, or County.

For denial of psych care, and, worsening of mental, and, physical conditions, (psychosomatic), I am asking for Disability-amount, per month, he will calculate at $780/month, for 38 months. = $29,640 (x 3 for punitive) ($88,020) = $117,660, from the Sheriff.

Plus, from the County, $780/month, for the rest of my life, Calculated at 45 more years; $421,200.

For a total of $500,000 + $117,660 + $421,200 = $1,038,860, plus, for 56 day detention, no court/attorney, $200,000, from two parties, plus, $50,000 punitive each, at $300,000, making a grand total of $1,338,860.

A more reasonable figure, might be my bond ($500,000 cash) plus $50,000/pc, from Sheriff and Prosecutor (for 56 days), plus $50,000 punitive ($25,000), and, 3x punitive, from judge and County for bond ($1.5 Mil/pc). This is $3 Mil + $500k plus $150k; For a total of $3,650,000.

Or let the jury decide.

## IV Relief (Continued).

On top of the $500,000 cash, for denial of due process, I would like compensation, for "unlawful detainment." "Several thousands of dollars, for several hours, may be appropriate." Given the number of hours, I think $100/hr, is appropriate. 810 days is roughly 19,000 hours. At $100/hr, 19,000 hours is $1,900,000. On this, I'd like to ask punitive damages, from the County, and, Judge, of 3x this. This is $5,700,000. $1,900,000 + $5,700,000 (the county and judge can split this), is $7,600,000. Plus the $1.3 Million, is $8,900,000.

The basis for "unlawful detainment" is:

1) This Court said that detainment of those unable to pay cash bond, without a bond hearing, violates due process.

2) Article I, Section 10 of the Missouri Constitution, bars deprivation of liberty, without due process.

3) I was deprived of liberty, unable to pay bond, without a bond hearing.

4) I requested a bond hearing, multiple times.

5) Therefore, my incarceration is "unlawful." (As the Constitution is a law).

I know the punitive award is high, but, given ignorance, of your efforts, to make these courts compliant, this County needs punished. I filed many grievances, they were aware. This follows a long line of rights violations.

Constitutes violation of MO Cons., 5th, 8th, and 14th Amd., and, MO Ct. Rules.

- Detaining one 56 days, without court appearance, or attorney, violates due process, and, the 5th, 6th, and 14th Amendments. (By your own ruling)
- Denying psych meds/treatment, for 38 months, violates due process, equal protection, and, is cruel and unusual punishment (5, 8, 14).
- Denying bond hearing – due process, equal protection (by your own words).
- To deprive one of liberty, ie a plea deal, under these conditions, violates due process, and both the Missouri and US Constitutions, thus, is "unlawful."
- 41 months, with at least 27, "unlawful detainment", violates speedy trial protections.
- I was unlawfully detained, for one reason, or another, in violation of due process, for 41 months. This caused anxiety and concern. Was all due the State. Hindered defense. I requested, pro-se, a motion to dismiss, based on speedy trial, therefore, asserted my right.
- My continued detention is unlawful.

If yes, which claim(s)? All, blank form.

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

[X] Yes  [ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

[ ] Yes  [X] No

E. If you did file a grievance:

1. Where did you file the grievance?

Stoddard County Jail

2. What did you claim in your grievance? (*Attach a copy of your grievance, if available*)

Can't attach copy. Won't provide it. Numerous claims of unlawful detention, and, med requests.

3. What was the result, if any? (*Attach a copy of any written response to your grievance, if available*)

Deliberate Indifference, Deferring guilt/shifting blame (won't provide copies, must be forced to).

6

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (*Describe all efforts to appeal to the highest level of the grievance process.*) Filed highest Appeals, which is not much.

F. If you did not file a grievance: N/A

1. If there are any reasons why you did not file a grievance, state them here:

    N/A

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

    N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

    N/A

(*Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.*)

7

## VI. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    A.    To the best of your knowledge, have you ever had a case dismissed on the basis of this "three strikes rule"?

       ☐ Yes      ☒ No

If yes, state which court dismissed your case and when it was dismissed. Attach a copy of the court's order, if possible.

N/A

Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

       ☐ Yes      ☒ No

    B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff __N/A__

Defendant(s) __N/A__

2.    Court *(if federal court, name the district; if state court, name the state and county)*

N/A

3.    Docket or case number __N/A__

4.    Name of Judge assigned to your case __N/A__

5. Approximate date of filing lawsuit ___N/A___

6. Is the case still pending?

   ☐ Yes

   ☒ No (*If no, give the approximate date of disposition*): _____

7. What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

   N/A

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

   ☐ Yes   ☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)

1. Parties to the previous lawsuit

   Plaintiff ___N/A___

   Defendant(s) ___N/A___

2. Court (*if federal court, name the district; if state court, name the state and county*)

   N/A

3. Docket or case number ___N/A___

4. Name of Judge assigned to your case ___N/A___

5. Approximate date of filing lawsuit ___N/A___

9

6. Is the case still pending?

☐ Yes

☒ No (*If no, give the approximate date of disposition*): _____

7. What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

N/A

## VII. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 30 day of January, 20 22.

Signature of Plaintiff  _John Kone_